**CARMEN A. TRUTANICH**, City Attorney (State Bar #86629x)
**MICHAEL L. CLAESSENS**, Senior Assistant City Attorney
**CORY M. BRENTE**, Assistant City Attorney
**SUREKHA A. PESSIS**, Deputy City Attorney (State Bar #193206)
600 City Hall East
200 North Main Street
Los Angeles, California 90012-4129
Telephone: (213) 978-7036  Facsimile: (213) 978-8785
Email: _Surekha.Pessis@lacity.org_

Attorneys for Defendants, **STEVE MOODY and ROBERT PULIDO**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WALKER | CASE NO. CV 08-04707 PJW |
| Plaintiff, | **DEFENDANTS' TRIAL BRIEF RE: BIFURCATION OF PUNITIVE DAMAGES AND THE EXCLUSION OF DEFENDANT OFFICERS' FINANCIAL CONDITION AND NET WORTH** |
| vs. | |
| CITY OF LOS ANGELES, CITY OF LOS ANGELES, CHIEF WILLIAM BRATTON, LAPD DETECTIVE STEVEN MOODY, LAPD DETECTIVE ROBERT PULIDO, LAPD DETECTIVE RICHARD RECORD, and DOES 1 through 10, inclusive, | |
| Defendants. | Trial Date: February 2, 2010<br>Courtroom: 827-A<br>Mag. Judge: Hon. Patrick J. Walsh |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

Defendants **STEVE MOODY and ROBERT PULIDO** ("Defendants")

respectfully submit this brief concerning the issue of (1) bifurcating punitive

damages, and (2) precluding the introduction of any evidence of any of the Defendant

Officers' financial condition and net worth unless there is a determination that the

Defendant Officers are liable for violating Plaintiff's constitutional rights and acted

with malice, oppression or fraud.

///

///

///

1

1

2

DATED:  February 3, 2010,        Respectfully submitted,

3

4          **CARMEN A. TRUTANICH**, City Attorney
            **MICHAEL L. CLAESSENS**, Senior Assistant
            City Attorney

5          **CORY M. BRENTE**, Assistant City Attorney

6

7          By

8              **SUREKHA A. PESSIS,** Deputy City Attorney
            *Attorneys for Defendants*, **STEVE MOODY and**

9          **ROBERT PULIDO**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

By this brief, Defendants request, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, that this Honorable Court order separate trials on the issue of liability and damages, including punitive damages. Bifurcation of punitive damages from the determination of liability and compensatory damages is imperative to avoid prejudice to the Defendant Officers, preclude jury confusion, and to serve the interests of judicial economy and that of the parties. Moreover, the admission of such evidence is more inflammatory and prejudicial than it is probative. **Otherwise, the jury will be allowed to "put the cart before the horse". For example, the Defendant Officers will be forced to claim that they did not violate Plaintiffs' constitutional rights, yet tell the jury "in case you don't believe me, here is my financial worth."** For these reasons, the evidence of the financial net worth of the Defendant Officers should not be admitted at trial unless and until there is a determination that the Defendant Officers are liable for violating Plaintiff's constitutional rights and acted with malice, oppression, or fraud, which may not occur.

## II.

## FACTUAL BACKGROUND

This action arises from the arrest of Plaintiff, Michael Walker, on August 13, 2005 for violating Penal Code Section 211(a). On that date, Mr. Walker was arrested for the robbery of the EB Games establishment, which occurred on August 13, 2005. Thereafter, Detective Moody concluded Plaintiff may have been the suspect in several other demand note style robberies which occurred in LAPD's Southwest Division. Mr. Walker was in custody for a period of twenty-seven months (27) prior to charges being dismissed by the prosecution.

///

1   ///

2   Plaintiff filed his Section 1983 action during the Fall of 2008, wherein he

3   alleges his civil rights were violated by Detective Moody and Detective Pulido

4   because they failed to turn over "Brady" material to prosecutors. Further, Plaintiff

5   claims the submitting false police reports to the District Attorney's office causing

6   Plaintiff to be maliciously prosecuted for violating California *Penal Code* Section

7   211(a).  Plaintiff has abandoned his <u>Monell</u> claim.

8   ### III.

9   ## THE COURT HAS DISCRETION TO ORDER

10  ## SEPARATE TRIALS OF ANY SEPARATE ISSUE

11  The Court has broad discretion, pursuant to Rule 42(b) of the Federal Rules of

12  Civil Procedure, in furtherance of convenience or to avoid prejudice, or when

13  separate trials will be conducive to expedition and economy, to order a separate trial

14  of any claim or any issue.

15  Rule 42(b) provides discretion to order separate trials of liability and damages.

16  <u>Arthur Young & Company  v. United States District Court</u>, 549 F2d 686, 697-8 (9th

17  Cir. 1997).  Federal Rules of Civil Procedure, Rule 42(b) provides:

18  (b) Separate trials. <u>The court, in furtherance of convenience</u>

19  <u>or to avoid prejudice, or when separate trials will be</u>

20  <u>conducive to expedition and economy, may order a separate</u>

21  <u>trial of any claim,</u> cross-claim, counterclaim, or third party

22  claim, <u>or of any separate issue or of any number of claims,</u>

23  cross-claims, counterclaims, third party claims, or issues,

24  always preserving inviolate the right of trial by jury as

25  declared by the Seventh Amendment to the Constitution or

26  as given by a statute of the United States.

27  Fed.R.Civ.P. 42(b) [emphasis added].

28  ///

4

///

Even if Plaintiff prevails on the claim for withholding exculpatory evidence only, the jury may conclude that Plaintiff is not entitled to punitive damages. This is especially true if the jury also finds in favor of the Defendants on the claim for Malicious Prosecution (which requires a showing of malice with an intent to deprive Plaintiff of a constitutional right). In addition, bifurcation will avoid the danger of the jury being prejudiced by sympathy and other extraneous issues, as well as the substantial prejudice caused to the Defendant Officers.

As such, punitive damages should be bifurcated from the liability and compensatory damages phase. In Estate of Gonzalez v. Hickman, 2007 U.S. Dist. LEXIS 84390, 33-34 (C.D. Cal. 2007), the district court found that bifurcation would preserve judicial resources and prevent undue prejudice to Defendants. The Hickman court found that though bifurcation may inconvenience some of Plaintiff's witnesses..., any potential inconvenience to these witnesses, which will occur only if Plaintiff prevails in the first phase, does not outweigh the prejudice that Defendants will suffer if the trial is not bifurcated. Id. at 34.

An award of punitive damages usually bears some proportional relationship to the financial condition of the Defendant. In this regard, the Defendant Officers anticipate that in making a case for punitive damages, Plaintiffs will require that the Defendant Officers take the witness stand and testify about their personal financial condition. Such testimony during the liability phase of the trial would not only be contrary to the interests of judicial economy, but would be substantially prejudicial to the jury's deliberations during the liability phase of the trial. In this regard, a jury may base its decision as to liability upon the Defendants' ability to pay damages.

Further, in T.D.W. v. Riverside County, 2009 U.S. Dist. LEXIS 69189, 26-27 (C.D. Cal. 2009), the court bifurcated the trial to try compensatory damages in the second phase. The court also held that the question of whether punitive damages are warranted should be tried in the first phase, in order to prevent the need for the

1   presentation of complex financial testimony if punitive damages are not awarded."

2   Id. at 27.  Accordingly, in the interests of judicial economy and in order to prevent

3   any substantial prejudice to the Defendant Officers, the issue of punitive damages

4   should be bifurcated from the liability phase of the trial.  In Stringer v. City of San

5   Pablo, 2009 U.S. Dist. LEXIS 120303 (N.D. Cal. 2009), the court deferred admission

6   of Defendants' financial evidence until after the jury made a finding regarding an

7   award of punitive damages.  According to the Defendants, delaying the presentation

8   of such evidence avoided undue prejudice to Defendants by preventing jury from

9   considering Defendants' respective "wealth" when considering whether punitive

10   damages are appropriate. The court agreed that "structuring the punitive damages

11   phase of trial in this manner promoted judicial economy because until the jury

12   determines that punitive damages should be awarded, evidence regarding Defendants'

13   finances is unnecessary." Id. at 18.

14          Bifurcation orders are commonplace, particularly in civil rights actions.  Davis

15   v. Mason County, 927 F2d 1473, 1479 (9th Cir. 1991).  The practice of bifurcating

16   police cases is well established in Ninth Circuit.  See, e.g. Grant v. City of Long

17   Beach, 315 F. 3d 1081, 1083 (9th Cir. 2002); Ruvalcaba v. City of Los Angeles, 167

18   F. 3d 514, 518 (9th Cir. 1999); Quintanilla v. City of Downey, 84 F. 3d 353, 354 (9th

19   Cir. 1996); Acosta v. City and County of San Francisco, 83 F. 3d 1143, 1144 (9th Cir.

20   1996); Allen v. City of Portland, 73 F. 3d 232, 235 (9th Cir. 1995); Larez v. City of

21   Los Angeles, 946 F. 2d 630, 635 (9th Cir. (1991); and Murphy v. City of Long Beach,

22   914 F. 2d 183, 185 (9th Cir. 1990).

23                                              **IV.**

24   **FINANCIAL INFORMATION IS PROTECTED BY RIGHT TO PRIVACY**

25   **UNDER CALIFORNIA LAW AND PRIVACY RIGHTS ARE**

26   **RECOGNIZED IN FEDERAL COURT**

27          Financial information is protected by the right to privacy under California law

28   and these privacy rights are generally recognized in federal court.  Johnson v.

1    Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992). The California Constitution

2    recognizes the right to privacy and specifically acknowledges the statutory

3    procedures that protect the privacy of peace officers. The California Public Records

4    Act, Gov. Code, Section 6250, contains numerous exceptions to the requirement of

5    public disclosure, many of which are designed to protect individual privacy. Gov.

6    Code, Section 6254. Particular forms of "personal data" under Penal Code Section

7    832.8(a) are exempt from disclosure such as "social security number, physical

8    description, home address, home telephone number, education, financial matters, and

9    medical or employment history." Commission on Peace Officer Standards and

10   Training v. Superior Court, 42 Cal.4th 278 (2007)(emphasis added).

11

12                                        **V.**

13        **ADJUDICATING PUNITIVE DAMAGE ISSUES PRIOR TO A**

14        **FINDING OF LIABILITY WOULD PREJUDICE THE DEFENDANT**

15              **OFFICERS AND LEAD TO JURY CONFUSION**

16        At the very least, such intermingling of liability and damage evidence would be

17   confusing to the jury and inure to the prejudice of the Defendant Officers. Federal

18   courts have ordered the bifurcation of issues similar to the ones in the case at bar

19   precisely for that reason. For example, in Hirst v. Gertzen, 676 F.2d 1252 (9th Cir.

20   1982), the Court ordered a separate trial in a civil rights case on the question of how

21   the decedent died. On appeal, the Ninth Circuit ruled that the trial court did not abuse

22   its discretion since it had ordered bifurcation in order to simplify the issues for the

23   jury, and to avoid unnecessary confusion which might occur from the introduction of

24   evidence relevant only to the second phase of the trial. Id. at 1261.

25        In this case, trying the issues of individual officer liability and compensatory

26   damages separately from the determination of punitive damages, is conducive to the

27   judicial expedition and economy, and will avoid prejudice. In proving individual

28   liability, the evidence centers on the specific complaint and actions which gave rise to

1  this lawsuit.  Ultimately, admitting evidence pertaining to punitive damages could

2  very well prejudice the individual Defendant Officers and confuse the jury in its

3  consideration of whether the Officers' actions were constitutional.  See Quintanilla,

4  84 F.3d at 356.  **Moreover, the admission of such evidence is more inflammatory**

5  **and prejudicial than it is probative because the jury will be allowed to "put the**

6  **cart before the horse."   For example, the Defendant Officers will be forced to**

7  **claim that they did not violate Plaintiffs' constitutional rights, yet tell the jury**

8  **"in case you don't believe me, here is my financial worth."**

9           In other words the presentation of evidence of net worth, coupled with the

10  significant sympathy factor (the period of incarceration, Plaintiff's absence from the

11  trial and potential for the jury to determine on its own that Plaintiff is suffering from a

12  serious medical condition rather than a temporary illness) in this case, is certain to

13  invite a Plaintiff's verdict.  At the very least, the jurors may become distracted by

14  such evidence and be unable to effectively determine the issue of liability.   Thus, the

15  Defendant Officers request that the Court order that the issues of individual officer

16  liability and compensatory damages be tried separately from the determination of

17  punitive damages.

18           Recognizing the prejudice to defendants faced with this dilemma, one

19  Court has noted that:

20           The preferred method of accommodating the various

21           interests is to delay trial as to the amount of award of

22           punitive damages until the usual issues of liability and

23           compensatory damages have been tried, along with the

24           matter of whether the defendants' conduct warrants any

25           award of punitive damages at all.  If the jury finds in favor

26           of the claimant on all of these issues, the parties should then

27           be allowed to present evidence with respect to the amount

28           of the punitive damage award.

8

1  <u>Smith v. Lightning Bold Production, Inc.</u>, 861 F. 2d 363, 374 (2d Cir. 1988).

2

3      Evidence of the Defendant Officers' net worth should be precluded until and

4  only if the jury finds that punitive damages should be assessed against them.  The

5  inherent prejudice in permitting such evidence cannot be foreclosed if such evidence

6  is placed before the jury.  Accordingly, the liability portion of the trial should be tried

7  separately from the damage issues.

8

9  **VI.**

10 **CONCLUSION**

11     Based on the foregoing, the Defendants respectfully request an Order (1)

12 bifurcating liability and compensatory damages from punitive damages, and (2)

13 precluding the introduction at trial of any of the Defendant Officers' financial

14 condition or net worth unless and until the jury, if applicable, returns a verdict

15 against the Defendant Officers and awards Plaintiffs' damages.

16

17

18 DATED: February 3, 2010,    Respectfully submitted,

19

20       **CARMEN A. TRUTANICH**, City Attorney

21       **MICHAEL L. CLAESSENS**, Senior Assistant
      City Attorney

22       **CORY M. BRENTE**, Assistant City Attorney

23

24       By

25       **SUREKHA A. PESSIS**, Deputy City Attorney
      *Attorneys for Defendants*, **STEVE MOODY and**

26       **ROBERT PULIDO**

27

28

9